UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WELL DONE MITIGATION,

    Plaintiff,

v.                                               Case No.:  2:23-cv-1068-JLB-NPM

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's Motion to Dismiss.[1] (Doc. 10). Plaintiff filed a response.[2] (Doc. 16). As set forth herein, the Court finds that Defendant's Motion to Dismiss (Doc. 10) is **GRANTED.** Plaintiff is afforded the opportunity to file an amended complaint consistent with this Order.

---

[1] Absent from Defendant's Local Rule 3.01(g) Certification is an explanation of the "means by which the conference occurred[,]" as required under Local Rule 3.01(g)(2)(C). Going forward, both parties are noticed of the Court's expectation of compliance with the Local Rules.

[2] Plaintiff's response was due on December 19, 2023, twenty-one days after the Motion to Dismiss was filed. *See* Local Rule 3.01(c). Plaintiff responded on January 11, 2024. Despite this, the Court has carefully considered the arguments set forth in the response.

1

## BACKGROUND[3]

This is a homeowners insurance breach of contract case. (Doc. 3). The policy was issued by Defendant to 2695 TT Holdings LLC on September 10, 2022. (*Id.* at ¶ 6–7; Doc. 10-1 at 1). On or about September 28, 2022, the "insured property suffered a loss resulting from a peril that is covered under the Policy[.]" (Doc. 3 at ¶ 12). Post-loss, an assignment agreement was executed between 2695 TT Holdings LLC and Plaintiff. (*Id.* at ¶ 13). After investigating the loss, Defendant denied coverage. (*Id.* at ¶ 16–17). As a result of Defendant's denial, Plaintiff suffered damages relating to the loss and filed suit. (*Id.* at ¶ 21).

## LEGAL STANDARD

To avoid dismissal subject to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[3] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, n.1 (11th Cir. 1999) (internal citation omitted). As such, the Court accepts the facts recited in the Complaint (Doc. 3).

## DISCUSSION

The text of the insurance policy provides: "[y]our rights and duties under the policy may not be transferred without our written consent except in the case of death of an individual named insured."[4] (Doc. 10-1 at 85). Defendant argues that Plaintiff failed to state a claim for which relief can be granted because Defendant never gave the written consent required under the anti-assignment provision to make the assignment valid (Doc. 10 at 4–11), and Plaintiff's conclusory allegations provided no explanation or details of the loss and the related damage (*id.* at 11–12).

The Court finds Plaintiff failed to plead a claim for breach of contract to survive a motion to dismiss.

**I.   Whether the assignment was valid under Florida law.**

It is well settled in Florida that assignees have a common-law right to sue on a breach of contract claim for a post-loss claim "[e]ven when an insurance policy contains a provision barring assignment of the policy[.]" *One Call Prop. Servs. Inc. v. Sec. First Ins. Co.*, 165 So. 3d 749, 753 (Fla. 4th DCA 2015); *Bioscience W., Inc. v. Gulfstream Prop. & Cas. Ins. Co.*, 185 So. 3d 638, 642–43 (Fla. 2d DCA 2016) ("Florida case law yields deep-rooted support for the conclusion that post-loss assignments do *not* require an insurer's consent."); *Sec. First Ins. Co. v. State, Off. of Ins. Regul.*, 177 So. 3d 627, 628 (Fla. 1st DCA 2015) ("[W]e find an unbroken string

---

[4] The policy, attached to Defendant's Motion to Dismiss, is considered by the Court because it is "(1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

of Florida cases over the past century holding that policyholders have the right to assign such claims without insurer consent.").[5]

Defendant argues that since they are a surplus lines insurer[6] (unlike an authorized insurer who must comply with Chapter 627 of the Florida Statutes), the anti-assignment provision set forth in the insurance policy here is enforceable. (Doc. 10 at 5–8). Defendant contends that the 2019 amendments to Florida Statute § 627.422 permit anti-assignment provisions when the surplus insurer complies with Florida Statute § 627.7153. Defendant contends that these amendments thwart the requirement in Florida Statute § 626.916(1)(c), which specifies that surplus lines insurance policies "shall not be more favorable" than authorized insurance policies. (*Id.* at 6–8).

Defendant cites *Raven Envtl. Restoration Servs., LLC v. United Nat'l Ins. Co.*, 489 F. Supp. 3d 1372, 1378 (S.D. Fla. 2020), where the court held that the common law prohibition against anti-assignment provisions does not apply to surplus lines insurers. Defendant also cites *Miami Leak Detection & Servs. LLC v. Great Lakes Ins. SE*, 699 F. Supp. 3d 1326, 1333 (S.D. Fla. 2023). There, the court held that the 2019 amendments abrogated the common law prohibition against anti-assignment

---

[5] At the time the policy was issued, Florida law allowed assignment of insurance benefits. *Kidwell Grp., LLC v. SafePoint Ins. Co.*, 376 So. 3d 48, n.2 (Fla. 4th DCA 2023) ("For insurance policies issued after January 1, 2023, the Florida Legislature has declared all assignments to be void, invalid, and unenforceable."); Fla. Stat. § 627.7152(13).

[6] Chapter 627 does not apply to surplus lines insurance, unless specifically stated to apply to such. Fla. Stat. § 626.913.

4

provisions for surplus line insurers. Yet both decisions fly in the face of over one hundred years of Florida common law to the contrary. *W. Fla. Grocery Co. v. Teutonia Fire Ins. Co.*, 77 So. 209, 210–11 (1917) ("The policy was assigned after loss, and it is a well-settled rule that the provision in a policy relative to the consent of the insurer to the transfer of an interest therein does not apply to an assignment after loss.").

Defendant seeks to distinguish this Court's holding in *Sabran v. Rockhill Ins. Co.*, 558 F. Supp. 3d 1203, 1205 (M.D. Fla. 2021) by arguing that because the insurance policy in *Sabran* predated the 2019 amendments, the *Sabran* court ignored the requirement that surplus lines insurance policies cannot be more favorable than authorized insurance policies. Fla. Stat. § 626.916(1)(c). The Court disagrees.

In *Sabran*, the Court analyzed *Raven* and held that there is a deep-rooted right in Florida common law to prohibit post-loss assignment restrictions among authorized and surplus lines insurers. *Sabran*, 558 F. Supp. 3d at 1209. This Court rejected the argument that Florida Statute § 627.422 abrogated Florida common law stating:

> [T]he Court is unpersuaded that the Florida legislature intended to upend over a century of common law recognizing that an insurer may not prohibit the assignment of post-loss benefits without an insurance carrier's consent. Instead, the legislature carved out a narrow exception from the common law assignment right in certain circumstances that do not apply here.

*Sabran*, 558 F. Supp. 3d at n.2. In its current form and assuming all well-pleaded facts of the operative complaint as true, the Court does not have the necessary

5

information to determine whether the 2019 amendments to Florida's insurance code prohibits surplus lines insurers to preclude the assignment of benefits under the insurance policy at issue here. Therefore, the Court dismisses the Complaint on this ground without prejudice and, should an amended complaint be filed, would address the merits of Defendant's argument at that time.

## II.     The Complaint does not adequately allege a breach of the insurance policy.

Next, Defendant argues that Plaintiff has not stated a plausible claim for relief because they provided no details of the circumstances of the loss or the mitigation services provided. (Doc. 10 at 11–12). The Court agrees.

Federal Rule of Civil Procedure Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" A plaintiff alleging a property loss must, at a minimum, "allege specifically how the damage occurred and what damage occurred." *Thirunavukkarasu v. Fed. Ins. Co.*, No. 620-CV-2227-ORL-40EJK, 2021 WL 3887584, at *2 (M.D. Fla. Feb. 8, 2021) (dismissing with leave to amend when Plaintiff alleged a "covered loss as a result of a 'hurricane event.'"); *Emergency Flood Restoration Servs., Inc. v. Chubb Custom Ins. Co.*, No. 619-CV-1219-ORL-40GJK, 2019 WL 5451089, at *2 (M.D. Fla. Aug. 9, 2019) (dismissing with leave to amend when the complaint merely stated, "'on or about January 22, 2017, while the Policy was in full force and effect, the Property sustained a covered loss as a result of wind, wind driven rain, and/or hail (Loss).'"); *Gandhi v. Scottsdale Ins. Co.*, No. 6:21-CV-1626-WWB-GJK, 2022 WL 19914348, at

*2 (M.D. Fla. Apr. 1, 2022) (dismissing with leave to amend when complaint did not allege the cause of the damage or the nature of the damages).

Plaintiff's complaint states in a conclusory fashion: "[o]n or about September 28, 2022, the Assignor's insured property suffered a loss resulting from a peril that is covered under the Policy; and timely reported the damage to Defendant" (Doc. 3 at ¶ 12); and, that the assignment was executed "in exchange for services to the Insured directly relating to the loss" (*id.* at ¶ 13). Such conclusory allegations amount to a mere formulaic recitation of the elements of a breach of contract claim. *Bell Atl. Corp.*, 550 U.S. at 555.

Accordingly, the Complaint is dismissed without prejudice, and the Court grants Plaintiff leave to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

*(rest of page intentionally left blank)*

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. 10) is **GRANTED**.

2. The Complaint (Doc. 3) is **DISMISSED without prejudice**.

3. Plaintiff shall have leave to file an amended complaint and attach the insurance policy at issue here (Doc. 10-1). Should Plaintiff do so, Plaintiff must file such within fourteen (14) days. Failure to do so will result in the closure of this case without further notice.

**ORDERED** in Fort Myers, Florida on September 10, 2024.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE